U.S. Bank N.A. v DLJ Mtge. Capital, Inc. (2019 NY Slip Op 07327)





U.S. Bank N.A. v DLJ Mtge. Capital, Inc.


2019 NY Slip Op 07327


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Manzanet-Daniels, J.P., Kern, Oing, Singh, JJ.


10036 650369/13

[*1] U.S. Bank National Association, etc., Plaintiff-Respondent,
v
DLJ Mortgage Capital, Inc., Defendant-Appellant.


Orrick, Herrington & Sutcliffe LLP, New York (Daniel A. Rubens of counsel), for appellant.
Kasowitz Benson Torres LLP, New York (David J. Abrams of counsel), for respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 27, 2018, which, insofar as appealed from, denied defendant's motion for summary judgment, unanimously affirmed, with costs.
The written notice sent from plaintiff to defendant dated December 6, 2011, made within the statutory limitations period and well in advance of any lawsuit, informed defendant that a substantial number of identified loans were in breach, and that the pool of loans remained under scrutiny, with the possibility that additional nonconforming loans might be identified. The notice complied with the contractual condition precedent of notifying defendant of its default, such that subsequently identified loans, including the 480 identified by plaintiff's expert during discovery, related back to the time of the initial notice (see Home Equity Mtge. Trust Series 2006-1 v DLJ Mtge. Cap., Inc. ["HEMT 2006-1"], 2019 NY Slip Op 06576, *2, ___ AD3d ___ [1st Dept 2019]; U.S. Bank N.A. v GreenPoint Mtge. Funding, Inc., 147 AD3d 79, 88-89 [1st Dept 2016]; Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Cred. & Cap., Inc., 133 AD3d 96 [1st Dept 2015], mod on other grounds 30 NY3d 572 [2017]). Since defendant was placed on written notice of breach as to all loans on December 6, 2011, it follows that March 5, 2012 — under the applicable contractual repurchase protocol, the end of the applicable 90-day cure period, at which point defendant was required to repurchase any uncured, nonconforming loans — is likewise the appropriate date of repurchase.
The motion court properly ruled that interest could be calculated on liquidated loans, at the applicable mortgage rate, up until the repurchase date (see "HEMT 2006-1," 2019 NY Slip Op 06576, *5, ___ AD3d ___; Nomura, 133 AD3d at 106-107).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK